# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA TOCCI,

    Plaintiff,

v.

CORECIVIC, INC., et al.,

    Defendants.

Case No.: 2:21-cv-01302-GMN-NJK

**ORDER**

[Docket No. 30]

Pending before the Court is Defendant Wyatt Peterson's motion for appointment of counsel. Docket No. 30. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the motion is hereby **DENIED**.

## I.  BACKGROUND

Plaintiff brings the underlying wrongful death suit with accompanying constitutional violations for events that occurred during her son's incarceration at Nevada Southern Detention Center. Docket No. 5. Plaintiff alleges that Defendant was incarcerated with her son at the time of his death. *Id.* at 4. Defendant submits that he has been in the custody of the United States Marshals Service since 2016. Docket No. 30 at 1.

## II.  ANALYSIS

A litigant does not have a constitutional right to appointed counsel for civil cases. *See, e.g., Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In civil cases, courts may appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request the representation on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989). The Court will request counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether

"exceptional circumstances" exist, the Court considers the likelihood of success on the merits as well as the ability of the litigant to articulate his position *pro se* in light of the complexity of the issues involved.  *Id.*  "Neither of those considerations is dispositive and instead must be viewed together."  *Id.*

The Court construes the filings of *pro se* litigants liberally.  *See, e.g., Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1981).  However, Defendant makes no adequate demonstration that the above standards are satisfied in this case.  Thus, the Court declines to exercise its discretion to request counsel for Defendant.  Accordingly, Defendant's motion for appointment of counsel, Docket No. 30, is hereby **DENIED**.

IT IS SO ORDERED.

Dated: December 6, 2021

_____
Nancy J. Koppe
United States Magistrate Judge