**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA TOCCI, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-01302-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| CORECIVIC, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendants Brian Koehn, CoreCivic of Tennessee, LLC, CoreCivic, Inc. (collectively, "Defendants Koehn and CoreCivic"). Plaintiff Sandra Tocci ("Plaintiff") filed a Response, (ECF No. 76), to which Defendants Koehn and CoreCivic filed a Reply, (ECF No. 78).

Also pending before the Court is the Motion to Dismiss, (ECF No. 70), filed by Plaintiff. Defendant Wyatt Peterson filed a Response, (ECF No. 75), but Plaintiff did not file a Reply.

For the reasons discussed below, the Court **GRANTS** Defendants Koehn and CoreCivic's Motion to Dismiss and Plaintiff's Motion to Dismiss.

**I.     BACKGROUND**

This case arises from alleged violations of the U.S. Constitution and several NRS statutes purportedly committed by Defendants Brian Koehn, CoreCivic of Tennessee, LLC, CoreCivic, Inc., and Wyatt Peterson (collectively, "Defendants"). (*See* Am. Compl. ¶¶ 20–29, ECF No. 5). The parties provide a detailed review of the facts and procedural history of this case in the briefing for Defendants Koehn and CoreCivic's Motion to Dismiss. (Defs.' Mot. Dismiss ("Defs.' MTD") 2:1–3:15, ECF No. 13); (Pl.'s Resp. Defs.' MTD 3:2–16, ECF No. 76). Defendants Koehn and CoreCivic filed their Motion to Dismiss, (ECF No. 13), on October 14,

2021, but Plaintiff did not file a Response until June 8, 2022. (*Compare* Defs.' MTD), (*with* Pl.'s Resp. Defs.' MTD). Independent of these events, Plaintiff filed her own Motion to Dismiss, seeking to dismiss Defendant Wyatt Peterson. (*See generally* Pl.'s Mot. Dismiss ("Pl.'s MTD"), ECF No. 70). Defendant Peterson filed a Response, agreeing to his dismissal. (*See generally* Def. Peterson's Resp. Pl.'s MTD, ECF No. 75).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no

1 party questions, but which are not physically attached to the pleading, may be considered in
2 ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
3 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public
4 record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a
5 court considers materials outside of the pleadings, the motion to dismiss is converted into a
6 motion for summary judgment. Fed. R. Civ. P. 12(d).

7 If the court grants a motion to dismiss for failure to state a claim, leave to amend should
8 be granted unless it is clear that the deficiencies of the complaint cannot be cured by
9 amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant
10 to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
11 the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
12 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
13 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
14 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.    DISCUSSION**

Plaintiff brings several claims against Defendants: (1) violation of the Fourteenth and/or Eighth Amendment; (2) wrongful death; (3) negligence; (4) negligent supervision; and (5) negligent hiring and retention. (*See* Am. Compl. ¶¶ 30–105). Defendants Koehn and CoreCivic move to dismiss the first, third, fourth, and fifth causes of action for failure to state a claim. (Defs.' MTD 4:5–7:16). They also move to dismiss the second cause of action for lack of subject matter jurisdiction. (*Id.* 9:6–23). Further, Defendant Koehn moves to dismiss all causes of action against him for insufficient service of process. (*Id.* 8:11–9:5). Next, Plaintiff moves to dismiss Defendant Peterson under Fed. R. Civ. P. 41. (Pl.'s MTD 1:27–3:3). The Court first addresses Defendants Koehn and CoreCivic's Motion to Dismiss and then turns to Plaintiff's Motion to Dismiss.

**A. Defendants Koehn and CoreCivic's Motion to Dismiss**

Defendants Koehn and CoreCivic contend Plaintiff's first, third, fourth, and fifth causes of action fail to state a claim upon which relief may be granted. (*See* Defs.' MTD 4:5–7:16). They also argue that because Plaintiff's federal law cause of action fails, the Court is stripped of its federal question jurisdiction, and as a result, the Court lacks subject matter jurisdiction over the remaining state law claims. (*See id.* 9:6–23). Lastly, they maintain all causes of action against Defendant Koehn fail because Plaintiff failed to properly serve him. (*Id.* 8:11–9:5). Plaintiff does not respond to these arguments but instead explains why she untimely filed her Response. (*See* Pl.'s Resp. Defs.' MTD 3:18–7:24). Specifically, Plaintiff explains that her counsel thought filing a second amended complaint relieved Plaintiff of her obligation to respond to the Motion to Dismiss. (*See id.* 3:18–7:23). Plaintiff's counsel contends the parties filed a First Stipulation for Extension of Time, (ECF No. 16), that extended the deadline for Plaintiff to file her response to the Motion to Dismiss, but also extended her time to file a second amended complaint. (*Id.* 6:26–7:9). Plaintiff's counsel maintains he believed Plaintiff could file the Second Amended Complaint under Fed. R. Civ. P. 15. (*Id.* 7:1–23).

Other than a motion for summary judgment, a nonmoving party must respond to a motion within fourteen days. LR 7-2(b). "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). The court may, for good cause, grant an extension of time "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect has been analyzed pursuant to Fed. R. Civ. P. 60(b)(1). Excusable neglect covers cases of negligence on the part of counsel. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, (1993). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: 1) the danger of

prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir.2000).

Initially, the Court notes that under LR 7-2(b), the Response to Defendants Koehn and CoreCivic's Motion to Dismiss was due no later than October 28, 2021. (*See* First Stip. Ext. Time 2:20–21, ECF No. 16). The Court then granted a stipulation to extend the time for Plaintiff to file her Response to November 11, 2021. (*See generally* Order, ECF No. 17). Despite the extension of time, Plaintiff did not file her Response until June 8, 2022, about 209 days later. (*Compare* Defs.' MTD), (*with* Pl.'s Resp. Defs.' MTD). She also does not show excusable neglect exists for untimely filing her Response. First, although discovery is stayed, the case is not. Since the Court has stayed discovery, the parties have continued to engage in lengthy motions practice. (*See* ECF Nos. 70, 71, 74, 76–78). Next, the delay has been substantial, with Plaintiff filing her Response 209 days late, and has unreasonably delayed the resolution of this case.

Third, Plaintiff's reason for the delay is wholly unconvincing and without merit. Her counsel claims he did not believe Plaintiff needed to respond to the Motion to Dismiss because her counsel thought filing her Second Amended Complaint relieved her of that obligation. Under Rule 15, a plaintiff may amend her complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). After amending a complaint once, she may amend again, but only in two situations: (1) with the opposing party's written consent; or (2) with the Court's leave. Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff amended her Complaint "as a matter of course" on August 25, 2021. (*See generally* First Am. Compl., ECF No. 5); (Order Mot. Strike 1:25–2:2, ECF No. 66). Thus, to file a second amended complaint, Plaintiff required either: (1) Defendants Koehn and CoreCivic's written consent; or (2) the Court's leave. However, Plaintiff obtained neither. The First Stipulation of Extension of Time extended the deadline for

Plaintiff to file a response to Defendants Koehn and CoreCivic's Motion to Dismiss; it is utterly silent on granting an extension to file a second amended complaint. (*See* First Stip. Ext. Time 2:21–23) ("Counsel for all Plaintiffs and Defendants hereby stipulate to extend the time for Plaintiff's counsel to file the Opposition [to the Motion to Dismiss] to November 11, 2021."). In addition, Plaintiff did not obtain the Court's leave to file a second amended complaint. (*See* Order Mot. Strike 1:25–27). Thus, under Rule 15, Plaintiff improperly filed her Second Amended Complaint.

Finally, Plaintiff does not show she acted in good faith. Parties are responsible for abiding by procedural and local rules. Rule 15 is clear about when a party may file an amended pleading. That Plaintiff, or her counsel, misinterpreted the parties' First Stipulation for Extension of Time does not establish excusable neglect. *See Las Vegas Dev. Grp., LLC v. 2014-3 IH Equity Owner, LP*, No. 2:15-cv-00917-GMN-NJK, 2020 WL 1469827, at *1 n.1 (D. Nev. Mar. 25, 2020) ("Misreading the parties' Stipulation is not excusable neglect that allows the Court to retroactively extend Plaintiff's deadline. *See* Fed. R. Civ. P. 6(b)(1)(B)."). Thus, excusable neglect does not exist.

In addition, Plaintiff does not respond to Defendants Koehn and CoreCivic's Motion to Dismiss. (*See generally* Pl.'s Resp. Defs.' MTD). As such, aside from failing to show excusable neglect for untimely filing her Response, she effectively consents to the Motion to Dismiss. *See Silver State Broad., LLC v. Beasley FM Acquisition*, 148 F. Supp. 3d 1132, 1139 (D. Nev. 2015) (citing LR 7-2(d)) (dismissing a claim based in part because the plaintiffs did not respond to the defendants' argument for dismissal). Because Plaintiff did not timely file her Response, does not show excusable neglect exists, and fails to respond to the Motion to Dismiss, the Court grants Defendants Koehn and CoreCivic's Motion to Dismiss without prejudice.

**B. Plaintiff's Motion to Dismiss**

Next, Plaintiff moves to dismiss Defendant Peterson from this case under Fed. R. Civ. P. 41(a)(2). (Pl.'s MTD 1:27–3:3). Defendant Peterson agrees but urges the Court to dismiss him with prejudice under Fed. Rs. Civ. P. 1 & 41. (Def. Peterson's Resp. Pl.'s MTD 1:23–2:22).

"The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Rule 41(a)(2) freely permits the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. *See* Fed. R. Civ. Pro. 41(a)(2); 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364, at 165 (1971). Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. Federal Practice & Procedure: Civil, § 2364, at 165. Thus, "in ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Here, the Court finds Defendant Peterson will not suffer prejudice as a result of the dismissal. Defendant Peterson does not oppose the dismissal; he only requests that the Court dismiss him with prejudice. He cites to Fed. Rs. Civ. P. 1 and 41(a)(2) to support his position, but he does not offer further argument or analysis to show why these rules support the notion that the Court should dismiss him with prejudice. Accordingly, the Court grants Plaintiff's Motion to Dismiss Defendant Peterson without prejudice.

In sum, the Court **GRANTS** Defendant Koen and CoreCivic's Motion to Dismiss and Plaintiff's Motion to Dismiss Defendant Peterson. As a result, there are no Defendants that remain in the case. Accordingly, the Court instructs the Clerk to close the case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Brian Koehn, CoreCivic of Tennessee, LLC, CoreCivic, Inc.'s Motion to Dismiss, (ECF No. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant Peterson, (ECF No. 70), is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending Motions, (ECF Nos. 25, 26, 59, 68, 69, 71, 72, 73), in this action are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __15__ day of August, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT