# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA TOCCI, | ) |
| Plaintiff, | ) Case No.: 2:21-cv-01302-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| CORECIVIC, INC., *et al.* | ) |
| Defendants. | ) |

Pending before the Court is Defendant Wyatt Peterson's ("Defendant Peterson's") Motion for Reconsideration of the Court's Order granting, among other things, Plaintiff Sandra Tocci's ("Plaintiff's") Motion to Dismiss Defendant Peterson, (ECF No. 81). Also pending before the Court is Defendant Peterson's Motion for Status on the Motion for Reconsideration, (ECF No. 82). On August 15, 2022, this Court granted Plaintiff's Motion to Dismiss Defendant Peterson from the lawsuit. Defendant Peterson did not oppose Plaintiff's Motion to Dismiss but requested that this Court dismiss Defendant Peterson with prejudice. (*See* Order 7:1-3). The Court dismissed Defendant Peterson without prejudice and noted in the Order that Defendant Peterson "d[id] not offer further argument or analysis to show why . . . the Court should dismiss him with prejudice." (*Id.* 7:18-21).

Defendant Peterson's Motion for Reconsideration requests "reconsideration or alteration" of the Court's Order "pursuant to and in compliance with Rule 59 and Rule 60 of the Federal Rules of Civil Procedure, on the grounds that there is a definite legal prejudice to Defendant by being dismissed without prejudice, as opposed to with prejudice." (*Id.*).

Federal Rules of Civil Procedure ("FRCP") Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth

Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." In re Ctr. Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Stewart v. Dupnik, 243 F.3d 549, 549 (9th Cir. 2000).

The Court finds that Defendant Peterson's Motion for Reconsideration fails to provide the Court with new facts, intervening case law, or evidence that the Court committed clear error.  Although Defendant Peterson contends "a dismissal without prejudice is prejudicial" to Defendant because it may result in Defendant Peterson's prosecution for the allegations made against him by Plaintiff, the Court finds Defendant Peterson's argument unpersuasive.  Specifically, the connection from this Court dismissing Defendant Peterson without prejudice to his criminal prosecution based on the allegations made by Plaintiff is too attenuated to justify altering or amending the Court's previous Order.

///

///

///

Accordingly, **IT IS HEREBY ORDERED** that Defendant Peterson's Motion for Reconsideration is **DENIED**. The Court additionally **DISMISSES AS MOOT** Defendant Peterson's Motion for Status on the Motion for Reconsideration.

**DATED** this __24__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court